IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
ROBERT E. SANFORD,              )
                                )
            Plaintiff,          )      4:09CV3263
                                )
      v.                        )
                                )
NEBRASKA DEPARTMENT OF          )      MEMORANDUM OPINION
CORRECTIONAL SERVICES,          )
ROBERT P. HOUSTON, Director     )
of Correctional Services,       )
FRED BRITTEN, Warden at the     )
TECUMSEH STATE CORRECTIONAL     )
INSTITUTION, and UNKNOWN        )
SHERMAN, Unit Manager of SMU    )
at Tecumseh State Correctional  )
Institution, et al.,            )
                                )
            Defendants.         )
_____)
```

Plaintiff filed his complaint in this matter on December 28, 2009 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis ("IFP") (Filing No. 7). However, after plaintiff was given leave to proceed IFP, he requested an extension of time to pay the initial partial filing fee, which was granted (Filing No. 11). On March 12, 2010, plaintiff paid the initial partial filing fee. (*See* Docket Sheet.) Thus, the Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915A.

### I.     **SUMMARY OF COMPLAINT**

Plaintiff filed his complaint against the Nebraska Department of Correctional Services ("DOC") and three individuals

(Filing No. 1). He alleges that on January 23, 2009, he was placed in administrative confinement for an alleged altercation with another inmate. (*Id*. at CM/ECF p. 3.) On March 26, 2009, the DOC's Appeal Board reviewed two misconduct reports regarding alleged assaults that occurred during the altercation and found plaintiff "not guilty." (*Id*.) Despite this finding, plaintiff has remained in administrative confinement. (*Id*. at CM/ECF p. 3, 7.) Plaintiff believes that he is being detained in administrative confinement unconstitutionally and that he "has a right to have a meaningful classification review." (*Id*.) Plaintiff seeks "special, punitive and compensatory damages" as well as an injunction that directs defendants to transfer him. (*Id*. at CM/ECF pp. 8-9.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

*A.   Due Process Claims*

Liberally construed, plaintiff alleges defendants deprived him of the right to be a part of the general prison population without adequate due process. "[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, claims regarding the right to either procedural or substantive due process must begin with identification of a protected liberty or property interest. *Singleton v. Cecil*, 176 F.3d 419, 424-25, 425 n. 7 (8th Cir. 1999) (*en banc*).

The Due Process Clause by itself does not accord a prisoner a liberty interest in remaining in the general population. *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Rather, prison officials must receive "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Accordingly, the Eighth Circuit has held that an inmate "does not have a constitutional right to a particular prison job or classification." *Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005); *Hartsfield v.*

-4-

*Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2004) (unpublished per curiam decision) (stating that inmate has "no liberty interest in a particular classification").

Thus, the question remains whether a liberty interest exists which was created by state law. To demonstrate a liberty interest created by state law, "[a]n inmate who makes a due process challenge to his segregated confinement must make a threshold showing that the deprivation of which he complains imposed an atypical and significant hardship." *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (internal quotations omitted); *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Eighth Circuit has consistently held that "administrative and disciplinary segregation are not atypical and significant hardships[.]" *Portley-El*, 288 F.3d at 1065; *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship."). However, under certain circumstances, prolonged confinement in administrative segregation can rise to the level of an atypical and significant hardship. *See Williams v. Norris*, 277 Fed.Appx. 647, 648 (8th Cir. 2008) (holding that an inmate's twelve years in administrative segregation confinement constituted an atypical and significant hardship); *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000) (holding that inmate's almost eight years in

-5-

administrative custody was "atypical" and he had protected liberty interest); *Herron v. Schriro*, 11 Fed.Appx. 659, 661-62 (8th Cir. 2001) (unpublished per curiam decision) (affirming district court's finding that inmate's administrative segregation confinement for more than thirteen years resulted in atypical hardship in relation to ordinary incidents of prison life, and defendants could not continue to deprive inmate of general population status without affording him due process).

Here, plaintiff alleges that he has been confined in administrative segregation since January 2009 (Filing No. 1 at CM/ECF p. 3). As set forth above, confinement in administrative segregation, by itself, for 14 months is not an atypical and significant hardship. Thus, plaintiff has not alleged sufficient facts to meet the threshold requirement to challenge his segregation status under the Due Process Clause. Plaintiff's claims will be dismissed for failure to state a claim upon which relief may be granted.

 B. *State Law Claims*

Although plaintiff's allegations do not establish a Due Process claim, liberally construed, they might be enough to establish a state law claim. The Court declines to exercise supplemental jurisdiction over such a claim because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). However, the Court will dismiss plaintiff's

complaint without prejudice to reassertion in the proper forum. A separate order will be entered in accordance with this memorandum opinion.

    DATED this 14th day of April, 2010.

                      BY THE COURT:

                      /s/ Lyle E. Strom
                      _____
                      LYLE E. STROM, Senior Judge
                      United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.