```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF NEBRASKA

ROBERT E. SANFORD,              )
                                )
            Plaintiff,          )     4:09CV3263
                                )
      v.                        )
                                )
NEBRASKA DEPARTMENT OF          )     MEMORANDUM AND ORDER
CORRECTIONAL SERVICES,          )
ROBERT P. HOUSTON, Director     )
of Correctional Services,       )
FRED BRITTEN, Warden at the     )
TECUMSEH STATE CORRECTIONAL     )
INSTITUTION, and UNKNOWN        )
SHERMAN, Unit Manager of SMU    )
at Tecumseh State Correctional  )
Institution, et al.,            )
                                )
            Defendants.         )
_____)
```

This matter is before the Court on plaintiff's notice of appeal, motion for leave to appeal in forma pauperis ("IFP") and motion for copies (Filing Nos. 18, 19 and 21). Plaintiff is a prisoner and has previously been granted leave to proceed IFP in this matter (Filing No. 7).

**I. Motion for Leave to Appeal IFP**

As set forth in Federal Rule of Appellate Procedure 24(a)(3):

> (a) Leave to Proceed in Forma Pauperis. . . .
> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in


> forma pauperis without further authorization, unless the district court -- before or after the notice of appeal is filed -- certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

The Court finds that because plaintiff proceeded IFP in the district court, he may now "proceed on appeal in forma pauperis without further authorization." *Id*.

However, pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff is required to pay the full amount of the $455.00 appellate filing fee by making monthly payments, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The PLRA "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997)). The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the

complaint. Accordingly, based on the records before the Court, the initial partial filing fee is **$0.07,** based on average monthly account balance of **$0.39** (Filing No. 3).

In addition to the initial partial filing fee, plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to this procedure.

## II. Motion for Copies

Plaintiff also seeks copies of each page he submits to the Court during his appeal (Filing No. 21). The statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915;

*see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If plaintiff requires copies of court documents or receipts, he should contact the clerk of the court to determine the proper method of requesting and paying for copies.

IT IS ORDERED:

1. Plaintiff's motion for leave to appeal IFP (Filing No. 19) is granted.

2. Plaintiff shall pay an initial partial filing fee of $0.07 by June 17, 2010, unless an enlargement of time is granted in response to a written motion.

3. After payment of the initial partial filing fee, plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and shall forward those installments to the Court.

4. Plaintiff's motion for copies (Filing No. 21) is denied.

     5.   The clerk of the court is directed to send a copy of this order to the appropriate official at plaintiff's institution and to the Eighth Circuit Court of Appeals.

DATED this 18th day of May, 2010.

```
                              BY THE COURT:

                              /s/ Lyle E. Strom
                              _____
                              LYLE E. STROM, Senior Judge
                              United States District Court
```

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.